ROBERT C. "BOB" BALINK　El Paso County, CO
02/05/2007  10:50:49 AM
Doc $0.00     Page
Rec $6.00     1 of 1    207015932

### ABOLITION OF HOME OWNERS' LOAN CORPORATION

For dissolution and abolishment of Home Owners' Loan Corporation, referred to in this section, by act June 30, 1953, ch. 170, § 21, 67 Stat. 126, see note set out under section 1463 of this title.

### § 395. Federal reserve banks as depositaries, custodians and fiscal agents for Commodity Credit Corporation

The Federal Reserve banks are authorized to act as depositaries, custodians, and fiscal agents for the Commodity Credit Corporation.

(July 16, 1943, ch. 241, § 3, 57 Stat. 566.)

#### TRANSFER OF FUNCTIONS

Administration of program of Commodity Credit Corporation transferred to Secretary of Agriculture by Reorg. Plan No. 3 of 1946, § 501, eff. July 16, 1946, 11 F.R. 7877, 60 Stat. 1100. See Appendix to Title 5, Government Organization and Employees.

#### EXCEPTIONS FROM TRANSFER OF FUNCTIONS

Functions of Corporations of Department of Agriculture, boards of directors and officers of such corporations, Advisory Board of Commodity Credit Corporation, and Farm Credit Administration or any agency, officer or entity of, under, or subject to supervision of Administration were excepted from functions of officers, agencies, and employees transferred to Secretary of Agriculture by Reorg. Plan No. 2 of 1953, § 1, eff. June 4, 1953, 18 F.R. 3219, 67 Stat. 633, set out in the Appendix to Title 5, Government Organization and Employees.

## SUBCHAPTER XII—FEDERAL RESERVE NOTES

### § 411. Issuance to reserve banks; nature of obligation; redemption

Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

(Dec. 23, 1913, ch. 6, § 16 (par.), 38 Stat. 265; Jan. 30, 1934, ch. 6, § 2(b)(1), 48 Stat. 337; Aug. 23, 1935, ch. 614, title II, § 203(a), 49 Stat. 704.)

#### REFERENCES IN TEXT

Phrase "hereinafter set forth" is from section 16 of the Federal Reserve Act, act Dec. 23, 1913. Reference probably means as set forth in sections 17 et seq. of the Federal Reserve Act. For classification of these sections to the Code, see Tables.

#### CODIFICATION

Section is comprised of first par. of section 16 of act Dec. 23, 1913. Pars. 2 to 4, 5, and 6, 7, 8 to 11, 13 and 14 of section 16, and pars. 15 to 18 of section 16 as added June 21, 1917, ch. 32, § 8, 40 Stat. 238, are classified to sections 412 to 414, 415, 416, 418 to 421, 360, 248-1, and 467, respectively, of this title.

Par. 12 of section 16, formerly classified to section 422 of this title, was repealed by act June 26, 1934, ch. 756, § 1, 48 Stat. 1225.

#### AMENDMENTS

1934—Act Jan. 30, 1934, struck out from last sentence provision permitting redemption in gold.

#### CHANGE OF NAME

Section 203(a) of act Aug. 23, 1935, changed name of Federal Reserve Board to Board of Governors of the Federal Reserve System.

#### CROSS REFERENCES

Gold coinage discontinued, see section 5112 of Title 31, Money and Finance.

#### SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 348, 420, 421, 467 of this title.

### § 412. Application for notes; collateral required

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under the provisions of sections 342 to 347, 347c, 347d, and 372 of this title, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of sections 348a and 353 to 359 of this title, or bankers' acceptances purchased under the provisions of said sections 348a and 353 to 359 of this title, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under sections 348a and 353 to 359 of this title. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults of Federal Reserve banks.

(Dec. 23, 1913, ch. 6, § 16 (par.), 38 Stat. 265; Sept. 7, 1916, ch. 461, 39 Stat. 754; June 21, 1917, ch. 32, § 7, 40 Stat. 236; Feb. 27, 1932, ch. 58, § 3, 47 Stat. 57; Feb. 3, 1933, ch. 34, 47 Stat. 794; Jan. 30, 1934, ch. 6, § 2(b)(2), 48 Stat. 338; Mar. 6, 1934, ch. 47, 48 Stat. 398; Aug. 23, 1935, ch. 614, title II, § 203(a), 49 Stat. 704; Mar. 1, 1937, ch. 20, 50 Stat. 23; June 30, 1939, ch. 256, 53 Stat. 991; June 30, 1941, ch. 264, 55 Stat. 395; May 25, 1943, ch. 102, 57 Stat. 85; June 12, 1945,

095110459  95 OCT 13 PM 1:17  BOOK 6744 PAGE 969

ARDIS ...
EL PASO COUNTY CLERK & RECORDER



**TERRITORY 1861** — **STATE 1876**

DEPARTMENT OF PERSONNEL

# DIVISION OF STATE ARCHIVES AND PUBLIC RECORDS

*I Hereby Certify that the annexed copy (or each of the annexed copies) is a true copy of a record in the legal custody of the State Archivist of Colorado, and is filed among the records of*

COLORADO TERRITORY LEGISLATIVE ASSEMBLY, TERRITORY OF COLORADO
deposited therein

GENERAL LAWS, JOINT RESOLUTIONS, MEMORIALS, AND PRIVATE ACTS, PASSED AT THE FIRST SESSION OF THE LEGISLATIVE ASSEMBLY, DENVER, COLORADO TERRITORY, SEPTEMBER 9, 1861.

TITLE PAGE, PAGES 20, 21, 2 [SIC], AND 35.
TOTAL 5 PAGES.



STATE ARCHIVIST OF COLORADO

OCTOBER 4, 1995
DATE

Case 3:15-cv-00046-TMB   Document 1-3   Filed 03/20/15   Page 2 of 14

# GENERAL LAWS, JOINT RESOLUTIONS, MEMORIALS

## AND PRIVATE ACTS,

PASSED AT THE FIRST SESSION

## OF THE

# LEGISLATIVE ASSEMBLY

## OF THE

## TERRITORY OF COLORADO.

BEGUN AND HELD AT

DENVER, COLORADO TER., SEPT. 9th, 1861.

TOGETHER WITH

THE DECLARATION OF INDEPENDENCE,

THE CONSTITUTION OF THE UNITED STATES,

AND THE

ORGANIC ACT OF THE TERRITORY.

PUBLISHED BY AUTHORITY.

DENVER:
THOS. GIBSON, COLORADO REPUBLICAN AND HERALD OFFICE.
1861.

BRARY
COURT
AL DISTRICT

LAW LIBRARY
DISTRICT COURT
SECOND JUDICIAL DISTRICT

# AMENDMENTS TO THE CONSTITUTION.

### ARTICLE I.

The free exercise of religion, freedom of speech, of the press, the right to peaceably assemble and to petition the government for redress of grievances.

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble and petition the government for a redress of grievances.

### ARTICLE II.

Right to bear arms.

A well regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed.

### ARTICLE III.

Of quartering soldiers in time of peace.

No soldier shall, in time of peace, be quartered in any house without the consent of the owner; nor in time of war, but in a manner to be prescribed by law.

### ARTICLE IV.

To secure the people in their persons, etc., against unreasonable searches and seizures.

The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

### ARTICLE V.

Capital and infamous crimes; indictments.

No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service, in time of war or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled, in any criminal case, to be a witness against himself; nor be deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use without just compensation.

### ARTICLE VI.

Right of accused in criminal prosecutions.

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial



jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence.

### ARTICLE V[II].

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.

### ARTICLE [VIII].

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

### ARTICLE [IX].

The enumeration in the constitution of certain rights shall not be construed to deny or disparage others retained by the people.

### ARTICLE [X].

The powers not delegated to the United States by the constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

### ARTICLE [XI].

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign State.

### ARTICLE [XII].

1. The electors shall meet and vote by ballot for President and Vice President, one of whom, at least, shall not be an inhabitant of the same State as themselves; they shall name in their ballots the person voted for as President, and in distinct ballots the person voted for as Vice President, and they shall make distinct lists of all persons voted for as President, and of all persons voted for as Vice President, and of the number of votes for each, which lists they shall sign and certify, a



jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defence.

### ARTICLE VII.

In suits at common law, where the value in controversy, shall exceed twenty dollars, the right of trial by jury shall be preserved; and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law.

### ARTICLE VIII.

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

### ARTICLE IX.

The enumeration in the constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

### ARTICLE X.

The powers not delegated to the United States by the constitution, nor prohibited by it to these States, are reserved to the States respectively, or to the people.

### ARTICLE XI.

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign State.

### ARTICLE XII.

1. The electors shall meet in their respective States and vote by ballot for President and Vice President, one of whom, at least, shall not be an inhabitant of the same State as themselves; they shall name in their ballots the person voted for as President, and in distinct ballots the person voted for as Vice President; and they shall make distinct lists of all persons voted for as President, and of all persons voted for as Vice President, and of the number of votes for each, which lists they shall sign and certify, and transmit sealed to

the seat of government of the United States, directed to the President of the Senate; the President of the Senate shall, in the presence of the Senate and House of Representatives, open all the certificates, and the votes shall then be counted; the person having the greatest number of votes for President, shall be the President, if such number be a majority of the whole number of electors appointed; and if no person have such majority, then from the persons having the highest numbers, not exceeding three, on the list of those voted for as President, the House of Representatives shall choose immediately, by ballot, the President. But in choosing the President, the votes shall be taken by States, the representation from each State having one vote; a quorum for this purpose shall consist of a member or members from two-thirds of the States, and a majority of all the States shall be necessary to a choice. And if the House of Representatives shall not choose a President whenever the right of choice shall devolve upon them, before the fourth day of March following, then the Vice President shall act as President, as in the case of the death or other constitutional disability of the President.

*Of the Vice President.*

2. The person having the greatest number of votes as Vice President, shall be Vice President, if such number be a majority of the whole number of electors appointed; and if no person have a majority, then from the two highest numbers on the list, the Senate shall choose the Vice President; a quorum for the purpose shall consist of two-thirds of the whole number of Senators, and a majority of the whole number shall be necessary to a choice.

3. But no person constitutionally ineligible to the office of President, shall be eligible to that of Vice President of the United States.

## ARTICLE XIII.

*In what cases persons forfeit their citizenship.*

If any citizen of the United States shall accept, claim, receive or retain any title of nobility or honor, or shall, without the consent of Congress, accept and retain any present, pension, office or emolument of any kind whatever, from any emperor, king, prince, or foreign power, such person shall cease to be a citizen of the United States, and shall be incapable of holding any office of trust or profit under them, or either of them.

[NOTE.—The 11th article of the amendments to the Constitution was proposed at the second session of the third Congress; the 12th article, at the first session of the eighth Congress; and the 13th article, at the second session of the eleventh Congress.]

been made for the violation of the first section of this act, can establish by good and competent witnesses that spirituous liquors or wine were obtained from him deceitfully by a soldier who did not wear, at the time of obtaining such spirituous liquors, or wine, the uniform or other badge used to distinguish him from a civilian, and that he did not know such person to be a soldier, such person so complained against shall not be liable for the penalties enumerated in this act.

SEC. 4. This act shall take effect and be in force from and after its passage.

Approved, September 28th, 1861.

## AN ACT

### Adopting the Common Law of England.

*Be it enacted by the Council and House of Representatives of Colorado Territory:*

SECTION 1. That the Common Law of England, so far as the same is applicable and of a general nature, and all acts and statutes of the British Parliament, made in aid of or to supply the defects of the Common Law, prior to the fourth year of James the First, (excepting the second section of the sixth chapter of forty-third Elizabeth, the eighth chapter of thirteenth Elizabeth, and ninth chapter of thirty-seventh Henry Eighth,) and which are of a general nature, and not local to that Kingdom, shall be the rule of decision, and shall be considered as of full force until repealed by legislative authority.

SEC. 2. This act shall be in force from and after its passage.

Approved, October 11th, 1861

## AN ACT

### To organize the Militia.

*Be it enacted by the Council and House of Representatives of Colorado Territory:*

SECTION 1. Every able bodied male citizen of Colorado between the ages of eighteen and forty-five years, except those who are by this act exempt therefrom, shall be subject and liable to perform military duty as a soldier, to uphold the constitution and laws of the United States and the Organic Act and laws of this Territory, according to the terms and provisions of this act. And every citizen above forty-five years of age



El Paso County, Colorado - Services!

# Clerk & Recorder
Recording

Election | Motor Vehicle | Recording | Clerk to BoCC | Home

Clerk & Recorder
Robert C. "Bob" Balink

Location:
Downtown Office
200 S. Cascade Avenue
Colorado Springs, CO 80903
8:00 a.m. – 5:00 p.m.
weekdays
(except holidays)

Phone Number:
(719) 520-6200

New Search | Refine Existing Search | Printer Friendly Version | Help

Click on Row for More Detail

Official Public Records Search Results

Recording Database: 01/01/1984 - 10/4/2007

Results per Page 10

Records Returned: 1

| Instrument Number | Book | Page | Date Recorded | Document Type | Grantor* | Grantee* | Number of Pages |
|---|---|---|---|---|---|---|---|
| 095110459 | 6744 | 969 | 10/13/1995 | CERTIFICATE | COLORADO TERRITORY OF | COLORADO TERRITORY OF | |

+ indicates additional names

# Clerk & Recorder

*El Paso County, Colorado -Services!*

Clerk & Recorder
**Robert C. "Bob" Balink**

Locations:
**Downtown Office**
200 S. Cascade Avenue
Colorado Springs, CO 80903
8:00am - 5:00pm weekdays
(except holidays)

Phone Numbers:
(719) 520-6200

Fax Numbers:
(719) 520-6250

TDD
(719) 520-6286

Election | Motor Vehicle | Recording | Clerk to BoCC | Home

Recording Database: 01/01/1984 - 01/22/2007

## Detail for a Book and Page Number

| Name | PT | Grantor Grantee | Reception Number | Date | Nature of Instrument | Plat File | Asr Info |
|---|---|---|---|---|---|---|---|
| COLORADO TERRITORY OF | | GRANTOR | 095110459 | 10-13-1995 | CERTIFICATE | 0 | |
| COLORADO TERRITORY OF | | GRANTEE | 095110459 | 10-13-1995 | CERTIFICATE | 0 | |

2 records returned. Reception# = 095110459   Book# = 6744  Page# = 969

New Query

Robert C. Belink  El Paso Cty, CO  203290555
12/18/2003  02:32
Doc  $0.00  Page
Rec  $20.00  1 of 4

STATE OF MINNESOTA                          IN JUSTICE COURT

COUNTY OF SCOTT                             TOWNSHIP OF CREDIT RIVER
                                            MARTIN V. MAHONEY, JUSTICE

First National Bank of Montgomery,
                                    Plaintiff,

vs.                                 JUDGMENT AND DECREE

Jerome Daly,                        Defendant.

    The above entitled action came on before the Court and a Jury of 12 on December 7, 1968 at 10:00 A.M. Plaintiff appeared by its President Lawrence V. Morgan and was represented by its Counsel Theodore R. Mellby. Defendant appeared on his own behalf.

    A Jury of Talesmen were called, impanneled and sworn to try the issues in this Case. Lawrence V. Morgan was the only witness called for Plaintiff and Defendant testified as the only witness in his own behalf.

    Plaintiff brought this as a Common Law action for the recovery of the possession of Lot 19, Fairview Beach, Scott County, Minn. Plaintiff claimed title to the Real Property in question by foreclosure of a Note and Mortgage Deed dated May 8, 1964 which Plaintiff claimed was in default at the time foreclosure proceedings were started.

    Defendant appeared and answered that the Plaintiff created the money and credit upon its own books by bookeeping entry as the consideration for the Note and Mortgage of May 8, 1964 and alleged failure of consideration for the Mortgage Deed and alleged that the Sheriff's sale passed no title to Plaintiff.

    The issues tried to the Jury were whether there was a lawful consideration and whether Defendant had waived his rights to complain about the consideration having paid on the Note for almost 3 years.

    Mr. Morgan admitted that all of the money or credit which was used as a consideration was created upon their books, that this was standard banking practice exercised by their bank in combination with the Federal Reserve Bank of Minneapolis, another private Bank, further that he knew of no United States Statute or Law that gave the Plaintiff the authority to do this. Plaintiff further claimed that Defendant by using the ledger book created credit and by paying

on the Note and Mortgage waived any right to complain about the Consideration and that Defendant was estopped from doing so.

At 12:15 on December 7, 1968 the Jury returned a unanimous verdict for the Defendant.

Now therefore, by virtue of the authority vested in me pursuant to the Declaration of Independence, the Northwest Ordinance of 1787, the Constitution of the United States and the Constitution and laws of the State of Minnesota not inconsistent therewith;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That Plaintiff is not entitled to recover the possession of Lot 19, Fairview Beach, Scott County, Minnesota according to the Plat thereof on file in the Register of Deeds office.

2. That because of failure of a lawful consideration the Note and Mortgage dated May 8, 1964 are null and void.

3. That the Sheriff's sale of the above described premises held on June 26, 1967 is null and void, of no effect.

4. That Plaintiff has no right, title or interest in said premises or lien thereon, as is above described.

5. That any provision in the Minnesota Constitution and any Minnesota Statute limiting the Jurisdiction of this Court is repugnant to the Constitution of the United States and to the Bill of Rights of the Minnesota Constitution and is null and void and that this Court has Jurisdiction to render complete Justice in this Cause.

6. That Defendant is awarded costs in the sum of $75.00 and execution is hereby issued therefore.

7. A 10 day stay is granted.

8. The following memorandum and any supplemental memorandum made and filed by this Court in support of this Judgment is hereby made a part hereof by reference.

BY THE COURT

Dated December 9, 1968

MARTIN V. MAHONEY
JUSTICE OF THE PEACE
CREDIT RIVER TOWNSHIP
SCOTT COUNTY, MINNESOTA

2003264757
Page 7 of 4
12/22/2003 01:43P
City & County Of Denver

## MEMORANDUM

The issues in this case were simple. There was no material dispute on the facts for the Jury to resolve.

Plaintiff admitted that it, in combination with the Federal Reserve Bank of Minneapolis, which are for all practical purposes, because of there interlocking activity and practices, and both being Banking Instutions Incorporated under the Laws of the United States, are in the Law to be treated as one and the same Bank, did create the entire $14,000.00 in money or credit upon its own books by bookeeping entry. That this was the Consideration used to support the Note dated May 8,1964 andthe Mortgage of the same date. The money and credit first came into existance when they created it. Mr. Morgan admitted that no United States Law or Statute existed which gave him the right to do this. A lawful consideration must exist and be tendered to support the Note. See Anheuser-Busch Brewing Co. v. Emma Mason, 44 Minn. 318, 46 N.W. 558. The Jury found there was no lawful consideration and I agree. Only God can created something of value out of nothing.

Even if Defendant could be charged with waiver or estoppel as a matter of Law this is no defense to the Plaintiff. The Law leaves wrongdoers where it finds them. See sections 50, 51 and 52 of Am Jur 2d "Actions" on page 584 -"no action will lie to recover on a claim based upon, or in any manner depending upon, a fraudulent, illegal, or immoral transaction or contract to which Plaintiff was a party.

Plaintiff's act of creating credit is not authorized by the Constitution and Laws of the United States, is unconstitutional and void, and is not a lawful consideration in the eyes of the Law to support any thing or upon which any lawful rights can be built.

Nothing in the Constitution of the United States limits the Jurisdiction of this Court, which is one of original Jurisdiction with right of trial by Jury guaranteed. This is a Common Law Action. Minnesota cannot limit or impair the power of this Court to render Complete Justice between the parties. Any provisions in the Constitution and laws of Minnesota which attempt to do so are repugnant to the



2003264757
Page: 3 of 4
12/22/2003 01:43P
City & County of Denver

Constitution of the United States and not void. No question as to the Jurisdiction of this Court was raised by either party at the trial. Both parties were given complete liberty to submit any and all facts and law to the Jury, at least in so far as they saw fit.

No complaint was made by Plaintiff that Plaintiff did not recieve a fair trial. From the admissions made by Mr. Morgan the path of duty was made direct and clear for the Jury. Their Verdict could not reasonably have been otherwise. Justice was rendered completely and without denial, promptly and without delay, freely and without purchase, conformable to the laws in this Court on December 7, 1968.

BY THE COURT

December 9, 1968

MARTIN V. MAHONEY
JUSTICE OF THE PEACE
CREDIT RIVER TOWNSHIP
SCOTT COUNTY, MINNESOTA

Note: It has never been doubted that a Note given on a Consideration which is prohibited by law is void. It has been determined, independent of Acts of Congress, that sailing under the license of an enemy is illegal. The emmission of Bills of Credit upon the books of these private Corporations, for the purposes of private gain is not warranted by the Constitution of the United States and is unlawful. See Craig v. Mo. 4 Peters Reports 912. This Court can tread only that path which is marked out by duty. M.V.M.

2003264757
City & County of Denver




