IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LOUIS HOLGER, a/k/a LOUIS HOLGER EKLUND,[1]<br><br>        Plaintiff,<br>vs.<br>JACOB JOSEPH LEW,<br>        Defendant. | Case No. 3:15-cv-00046-TMB |

## **ORDER PERMITTING AMENDED COMPLAINT**

Filing this case without an attorney, under the name "Louis Holger," the Plaintiff titles his Complaint "Libel of Review" and notes that this is a "common law counterclaim in admiralty – notice lis pendens and – verified statement of right – RE: God-given unalienable rights in the original estate – Article III; Constitution."[2]

When a plaintiff is self-represented, the Court is obligated to liberally construe pleadings and to give the plaintiff the benefit of the doubt.[3] However, "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the

---

[1] Docket 1 at 1 ("legal names (Louis H. EKLUND, LOUIS HOLGER EKLUND . . . etc.)").

[2] *Id.*

[3] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted); *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) ("We are particularly careful to give claims raised by *pro se* petitioners their most liberal construction.") (citation omitted).

court *must dismiss* the action."[4] Unfortunately, the Court cannot understand the Complaint; therefore, it cannot determine if it has jurisdiction to hear the case.[5]

Plaintiff has brought suit against Jacob Joseph Lew,[6] the Secretary of the United States Treasury.[7] Plaintiff claims that Lew "has been making false claims and this counterclaim and notice lis pendens are now in the 'exclusive original cognizance' of the United States through the district court - see the First Judiciary Act of September 24, 1789, Chapter 20, page 77."[8]

In his Complaint, Plaintiff writes about kidnap and theft, treason, the "saving to suitors" clause, Article III judges researching cases in chambers, the Thirteenth Amendment, parental rights, vaccinations, the spelling of the last

---

[4] Fed. R. Civ. P. 12(h)(3) (emphasis added); *see also Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999) ("Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level.") (citing Rule 12(h)(3)) (additional citations omitted); *United States v. Hays,* 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction[.]") (citation omitted); *Washington Environmental Council v. Bellon,* 732 F.3d 1131, 1139 (9th Cir. 2013) ("[A] jurisdictional defect . . . may be raised at any time during the proceedings[.]") (citations omitted).

[5] *See Black's Law Dictionary* (10th ed. 2014) (Jurisdiction is "[a] court's power to decide a case or issue a decree").

[6] Docket 1 at 1.

[7] http://www.treasury.gov/about/Pages/Secretary.aspx.

[8] Docket 1 at 1.

name of his child, private credit from the Federal Reserve, the national debt, and ownership of his house and property.[9]

Plaintiff's attachments to his Complaint include documents related to his child's vaccinations,[10] general health,[11] and his intention not to register the birth of his child.[12] Plaintiff also attaches a statement regarding his attempts to secure information in state criminal case number 2KB-15-00033CR.[13] And Plaintiff attaches an affidavit stating that he has unsuccessfully attempted to obtain the oaths of office for various judges and other public servants.[14]

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[15] And "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[16] The Complaint filed by Plaintiff in this case does not meet the requirements of Rule 8; it fails to

---

[9] *Id.* at 2-4.

[10] Docket 1-1 at 1.

[11] *Id.* at 2-3.

[12] Docket 1-2 at 1.

[13] *Id.* at 2.

[14] *Id.* at 3-4.

[15] Fed. R. Civ. P. 8(a)(2); *see also Black's Law Dictionary* (A complaint is the "initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief.").

[16] *Iqbal,* 556 U.S. at 678 (citation omitted).

"contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] Unfortunately, the Court does not understand it.

Finally, "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."[18] A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[19] "Factual frivolousness includes allegations that are clearly baseless, fanciful, fantastic, or delusional."[20]

### **Amending Complaint**

It appears that the Complaint may be frivolous. Nevertheless, Plaintiff will be permitted to amend his Complaint to clearly state cognizable federal claims against an appropriate Defendant. In an Amended Complaint, Plaintiff must state, specifically, what the Defendant did or did not do which he believes violated his federal rights, how he was harmed, and what specific relief he seeks from the Court – whether in the form of damages or injunctive relief.

The Court is sending a form upon which Plaintiff must amend his Complaint in compliance with this Order. In completing this form, Plaintiff must give dates and facts in support of each claim – *i.e.*, he must state what happened, who was involved, how they were involved, when the events

---

[17] *Id.* (citation omitted).

[18] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[19] *Cato*, 70 F.3d at 1105 n. 2 (citations and internal quotations omitted).

[20] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325, 327, 328).

occurred, where those events occurred, how he was hurt, and what the injuries were. Plaintiff should state the facts in his own words, as if he were *briefly* and *concisely* telling someone what happened. The facts must specifically allege how the Defendant has harmed him. Plaintiff must avoid stating conclusions.[21] Later, if the claims proceed before the Court on the merits, at the discretion of the Court, Plaintiff may be given an opportunity to file a brief on the issues in which he may more thoroughly argue the case.[22]

The Amended Complaint must be complete in itself without reference to any prior pleading.[23] Thus, in his Amended Complaint, Plaintiff should make no reference to the initial Complaint or other extraneous documents.

IT IS THEREFORE ORDERED:

1. The Complaint, at Docket 1, is DISMISSED with leave to amend.

2. On or before **May 6th, 2015**, Plaintiff must file an Amended Complaint on the form provided by the Court. Plaintiff must specifically state the source of this Court's jurisdiction over his case, and clearly state a plausible federal claim for relief against an appropriate Defendant.

---

[21] *See Iqbal*, 556 U.S. at 678-79.

[22] *Black's Law Dictionary* (A brief is a "written statement setting out the legal contentions of a party in litigation . . . consisting of legal and factual arguments and the authorities in support of them.").

[23] *See* D.Ak.LR 15.1(3); *but see Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") (citation omitted).

3.     The Clerk of Court will send Plaintiff a form PS22, Complaint, with this Order.

4.     Plaintiff is warned that, if Defendant prevails in this action, Plaintiff may be ordered to pay costs and attorney's fees to Defendant.[24]

5.     So in the alternative, Plaintiff may file the enclosed Notice of Voluntary Dismissal, without prejudice, on or before **May 6th, 2015**.

6.     The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Plaintiff with this Order.

7.     No further action will be taken in this case until Plaintiff fully complies with this Order. If Plaintiff fails to comply with this Order, this action may be dismissed without further notice.

8.     The Clerk of Court is directed to send the District Court's handbook, "Representing Yourself in Alaska's Federal Court," to Plaintiff with this Order.

DATED at Anchorage, Alaska this 6th day of April, 2015.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
U. S. DISTRICT JUDGE

---

[24] *See* Fed.R.Civ.P. 54(d).