IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LOUIS HOLGER, a/k/a LOUIS HOLGER EKLUND,[1]

    Plaintiff,

vs.

JACOB JOSEPH LEW,

    Defendant.

Case No. 3:15-cv-00046-TMB

## ORDER OF DISMISSAL

Filing this case without an attorney, under the name "Louis Holger," the Plaintiff titled his Complaint "Libel of Review" and noted that this is a "common law counterclaim in admiralty – notice lis pendens and – verified statement of right – RE: God-given unalienable rights in the original estate – Article III; Constitution."[2] Although the Court is obligated to liberally construe a self-represented plaintiff's pleadings, and give the plaintiff the benefit of the doubt,[3] "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the

---

[1] Docket 1 at 1 ("legal names (Louis H. EKLUND, LOUIS HOLGER EKLUND . . . etc.)").

[2] *Id.*

[3] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted); *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) ("We are particularly careful to give claims raised by *pro se* petitioners their most liberal construction.") (citation omitted).

court *must dismiss* the action."[4] Because the Court could not understand the Complaint, it could not determine if it had jurisdiction to hear the case.[5] The Court, therefore, dismissed the Complaint without prejudice, and permitted the Plaintiff to file an Amended Complaint "specifically stat[ing] the source of this Court's jurisdiction over his case, and clearly stat[ing] a plausible federal claim for relief against an appropriate Defendant."[6]

Despite being warned that his case would be dismissed unless he complied with the Court's Order on or before May 6, 2015,[7] the Plaintiff failed to file an Amended Complaint. Instead, he filed an "Affidavit of Due Diligence," from a private process server, stating "we have been unable to serve Jacob Joseph LEW with the above named process[;]"[8] and the Plaintiff sent several letters to

---

[4] Fed. R. Civ. P. 12(h)(3) (emphasis added); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level.") (citing Rule 12(h)(3)) (additional citations omitted); *United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction[.]") (citation omitted); *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) ("[A] jurisdictional defect . . . may be raised at any time during the proceedings[.]") (citations omitted).

[5] *See Black's Law Dictionary* (10th ed. 2014) (Jurisdiction is "[a] court's power to decide a case or issue a decree").

[6] Docket 4 at 5.

[7] *Id.* at 6.

[8] Docket 5 at 1.

the Court enclosing documents over which he wrote "Refused for Cause."[9] Thus, the Court still cannot discern the source of its jurisdiction or any cognizable federal claim for relief in this case.

**IT IS THEREFORE ORDERED**:

1. This case is DISMISSED.

2. All outstanding motions are DENIED.

3. The Clerk of Court will enter a Judgment in this case.

Dated at Anchorage, Alaska this 1st day of June, 2015.

TMB<br>
United States District Judge

---

[9] Dockets 6-9.